# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1640-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

M.M.C.-D.,

    Defendant-Appellant.

_____

Submitted September 14, 2022 – Decided September 20, 2022

Before Judges Haas and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 17-04-0241.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Joseph M. Nielsen, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant M.M.C.-D.[1] appeals from the Law Division's October 16, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant pled guilty to two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), in exchange for the State's agreement to dismiss all other pending charges against him and to recommend an aggregate sentence of six years in prison. The trial judge sentenced defendant in accordance with this plea agreement to concurrent six-year terms on each count, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, Parole Supervision for Life, and Megan's Law reporting and registration requirements.

Defendant filed a timely petition for PCR. Defendant argued his attorney provided him with ineffective assistance because the attorney did not obtain a copy of a video-recorded statement allegedly given to a detective by J.C., one of the victims of the assaults. Defendant asserted that J.C. recanted her allegations of sexual assault during that statement and that his attorney provided ineffective assistance because she did not share this video with him or obtain a

---

[1] We use initials to identify defendant and the child victims pursuant to Rule 1:38-3(c)(9).

statement from J.C. concerning her recantation. As a result, defendant claimed he felt pressured into accepting the plea agreement.

After reviewing the documentary record and conducting oral argument, Judge Robert Kirsch rendered a thorough written opinion denying defendant's petition. The judge found that J.C. made one video-recorded statement to the detective in which she described the sexual assaults in great detail. At the conclusion of the statement, J.C. told the detective she did not want the investigation to proceed further because she wanted to protect her younger siblings from learning about their father's actions. J.C. repeated this request during a short discussion she had with the detective after the recording was completed. The detective memorialized this conversation in an investigative report.

In his decision, Judge Kirsch stated that J.C.'s "understandable explanation for her stated preference that the matter not proceed was to protect her younger siblings and in no way vitiated the candor of her claims. Critically, at no point [did] J.C. recant or mute any of the allegations that [defendant] sexually assaulted her." The judge also found that the State gave defendant's attorney a copy of the video and the detective's investigative report. Defendant admitted during his plea colloquy that he reviewed the discovery materials prior

3

to entering his guilty plea. The judge also found no basis in the record for defendant's claim his attorney pressured him into accepting the plea agreement.

Under these circumstances, Judge Kirsch concluded that defendant did not satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. This appeal followed.

On appeal, defendant raises the same arguments he unsuccessfully presented to the PCR judge. Defendant contends:

POINT ONE

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL EXPLAINING WHY SHE PRESSURED HER CLIENT TO PLEAD GUILTY.

POINT TWO

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] RELIEF WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL REGARDING HER FAILURE TO CONTACT J.C. AND OBTAIN AN EXCULPATORY STATEMENT FROM HER, RECANTING HER ALLEGATIONS.

4

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a

fair trial. <u>Strickland</u>, 466 U.S. at 687; <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u>, 466 U.S. at 690. Further, because prejudice is not presumed, <u>Fritz</u>, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Kirsch's written opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that the trial attorney's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1640-20